UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ORIGINAL

TWIN CITY FLOOR COVERING INDUSTRY PENSION FUND AND TWIN CITY FLOOR COVERING INDUSTRY FRINGE BENEFIT TRUST FUND,

Civil No.: 01-2153 PAM/JGL

Plaintiffs,

vs.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER FOR DEFAULT JUDGMENT**

CARL ERIC KRUEGER, individually, and d/b/a BUY THE YARD,

Defendant.

This matter was heard before the undersigned on the 21st day of February 2002. Pamela Hodges Nissen of McGrann Shea Anderson Carnival Straughn & Lamb, Chartered, appeared for and on behalf of the Plaintiffs. There was no appearance on behalf of the Defendant.

**FINDINGS OF FACT**

1. Plaintiffs filed a Summons and Complaint in this matter on November 27, 2001.

2. Defendant Carl Eric Krueger, d/b/a Buy the Yard was served with the Summons and Complaint in this matter on November 27, 2001.

3. Defendant has failed to file and serve an Answer to the Summons and Complaint.

4. Plaintiffs are joint fringe benefit trust funds (the "Funds") which are multi-employer plans as defined by 29 U.S.C. § 1002(37). They are established to provide,

FEB 21 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

among other things, pension, vacation, health and welfare benefits to employees doing floor coverers work in the construction trades, and are maintained for the benefit of workers pursuant to Collective Bargaining Agreements. All contributions must be made and all reports must be submitted to Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439-3060, as the administrative agent designated by the Trustees.

5. Defendant Carl Eric Krueger, d/b/a Buy the Yard accepted and agreed to be bound by certain a Collective Bargaining Agreement (Bargaining Agreement) between the Twin City Carpet, Linoleum and Resilient Tile Layers Local #596 and the Lakes and Plains Regional Council of Carpenters and Joiners. The Bargaining Agreement obligates Defendant, as an employer, to compute the contribution for each employee and pay those contributions to the Funds' agent on or before the 10th day of the month following the month for which the contribution is being made.

6. Plaintiffs are entitled under the terms of the Bargaining Agreement to audit Defendant's payroll records to determine its compliance with the reporting and contributions requirements.

7. The Plaintiffs requested that Defendant submit records for the period of September 2000 through the present, but those documents have not been produced.

**CONCLUSIONS OF LAW**

1. Defendant is in default, and Plaintiffs are entitled to Default Judgment.

2. Defendant must produce all records as requested by Plaintiffs to allow Plaintiffs to complete an audit of its records for the period of September 2000 through the present.

**ORDER**

**IT IS ORDERED**:

1. That Plaintiffs' motion for default judgment is granted.

2. That Defendant shall produce for inspection and audit a complete set of the following business records for the period September 2000 through the present:

   a. All payroll journals;

   b All time cards;

   c. All Internal Revenue 941 quarterly report forms;

   d. All Internal Revenue W-2 forms for employees of Defendant and the W-3 forms;

   e. Defendant's payroll check register and sequential canceled checks from Defendant's payroll account; and

   f. All Internal Revenue 1099 and 1096 forms.

3. Defendant is further ordered to produce for inspection such additional records as are deemed necessary to the performance of such audit by representatives of the Plaintiffs.

4. Production and inspection shall occur within ten (10) days of entry of this order at the premises of Zenith Administrators, 7645 Metro Boulevard, Minneapolis, Minnesota 55439-3060.

5. The only issues remaining to be determined in this action are the amount of Plaintiffs' damages and Plaintiffs' claim for attorney fees and costs.

6. That the amount of Plaintiffs' damages and Plaintiffs' claim for attorney fees and costs shall be determined by the Court after hearing.

~~LET JUDGMENT BE ENTERED ACCORDINGLY.~~

Dated: February 21, 2002

Paul A. Magnuson
United States District Judge